

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22-CR-2824-TWR-4 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) TO REDUCE SENTENCE.** |
| JANALEE SUE BIXBY, | |
| Defendant. | (ECF Nos. 173, 182) |

Before the Court is Defendant Janalee Sue Bixby's Motion for Compassionate Release and to Reduce her Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (ECF No. 173). The Government has filed a filed an opposition to the Motion (ECF No. 176), and Defendant has filed a Supplemental Motion for Compassionate Release (ECF No. 182). As set forth more fully below, the Court finds that Defendant has not established "extraordinary and compelling reasons" warranting a reduction in her sentence. The Court further finds that the requested reduction in sentence would be inconsistent with the proper consideration of the 18 U.S.C. § 3553(a) factors. The Motion is therefore **DENIED**.

## PROCEDURAL BACKGROUND

On November 27, 2022, Defendant was a passenger in a Ford Excursion that was towing a recreational trailer through the Otay Mesa, California, port of entry. Concealed within the trailer was 289.4 kilograms of pure methamphetamine. On July 6, 2023,

Defendant pled guilty to importing methamphetamine, a violation of Title 21, United States Code, Sections 952 and 960.

Thereafter, United States Probation Officer Jordan Elbert prepared and filed a Presentence Report ("PSR"). (ECF No. 110.) Neither party filed objections to the PSR. The PSR calculated Defendant's advisory Sentencing Guideline range to be 140 to 175 months.[1] Notwithstanding the calculated Guideline range, however, Probation Officer Elbert recommended a variant sentence of 51 months pursuant to his analysis of the 18 U.S.C. § 3553(a) factors. (ECF No. 110 at 22–24.) Counsel for Defendant requested a much more substantial variance from the PSR's calculated advisory Guideline range, arguing that a sentence of 18 months was appropriate. (ECF No. 130.) The Defendant's requested variance was based, in part, on:

> Caretaking responsibilities. Ms. Bixby stepped up several years ago when her mother needed her, and she continued to provide daily caretaking until her arrest. Caring for her mother has given her a renewed purpose and is something she looks forward to upon her release.

(ECF No. 130 at 8.) Although the Government also recommended a variant sentence, at 92 months, the Government's recommendation was significantly higher than the recommendations of both the defense and the Probation Office. (ECF No. 128.)

On October 27, 2023, the Court sentenced Defendant to a 36-month term of imprisonment, followed by three years of supervised release. (ECF Nos. 135, 136.) Defendant has been in continuous custody since her arrest in November 2022, and her anticipated release date from BOP custody is June 15, 2025. (ECF No. 173.)

## DEFENDANT'S SENTENCE REDUCTION MOTION

In her Motion, Defendant alleges that before her arrest she "had been caring for her mother who was at the time wheelchair-bound and suffering from a number of medical

---

[1] Defendant's total offense level was calculated as a level 29. Defendant's criminal history score of 10 points resulted in a criminal history category of V. (ECF No. 110 at 27.)

diagnoses and conditions." (ECF No. 173 at 2.) Since then, Defendant's "mother's health has significantly deteriorated." (*Id*.) Specifically, Defendant's mother "has been hospitalized in the ICU at least five times with pneumonia related to her diagnosis of COPD" and "is no longer able to remain in her home unattended, as she has reduced mobility, breathing issues and issues with incontinence." (*Id*.) Defendant provides that she "is the only member of their family who is able to provide full-time care for" her mother. (*Id*.) Further, Defendant claims that these significant health changes have led to her mother "requiring an increased level of care that only [Defendant] can provide."[2] (*Id*.)

## ANALYSIS

Defendant's Motion is governed by 18 U.S.C. § 3582(c)(1)(A), which provides that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, as a threshold matter, a defendant must first satisfy the administrative rights exhaustion requirement. Upon determining that the exhaustion requirement has been satisfied, the court must then exercise its discretion based on three substantive considerations: (1) the court must determine whether extraordinary and compelling reasons warrant a sentence reduction; (2) the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing

---

[2] In its response to Defendant's Motion the Government notes that the poor health of Defendant's mother was documented in the PSR: "[Defendant's] mother lives in Riverside, California with her partner, Rociendo Torres (50), who works at a plastics manufacturing company. Ms. Sanchez is on oxygen and wheelchair bound, and suffers from sleep apnea, C.O.P.D., and sciatica in both legs." (ECF No. 110 ¶ 55.)

Commission; and (3) the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case. *United States v. Wright,* 46 F.4th 938, 945 (9th Cir. 2022). Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds. *Id.*

## I. Administrative Exhaustion

Thirty days have elapsed since Defendant filed a request for reduction in her sentence with no response or decision from the warden. (ECF No. 173 at 3.) Defendant has therefore satisfied the administrative rights exhaustion requirement of § 3582(c)(1)(A).

## II. Extraordinary and Compelling Reasons

Pursuant to U.S.S.G. § 1B1.13(b)(3)(C), extraordinary and compelling reasons exist where a defendant's parent is incapacitated and the defendant is the only available caregiver for that parent. Here, Defendant argues that § 1B1.13(b)(3)(C) applies because:

> before her arrest [Defendant] had been caring for her mother who was at the time wheelchair bound and suffering from a number of medical diagnoses and conditions. Since that time, [Defendant's] mother's health has significantly deteriorated. Since March of this year, [Defendant's] mother Brenda Sanchez has been hospitalized in the ICU at least five times with pneumonia related to her diagnoses of COPD. Ms. Sanchez is no longer able to remain in her home unattended, as she had reduced mobility, breathing issues and issues with incontinence. [Defendant] is the only member of their family who is able to provide full-time care for Ms. Sanchez.

(ECF No. 173 at 2.) In her Supplemental Motion, Defendant adds that "[Ms. Bixby] has been hospitalized several times since June," and that Defendant's mother may require hospice care if she fails to receive "round-the-clock care at home." (ECF No. 182.) The record before the Court fails to establish extraordinary and compelling reasons to warrant a reduction in Defendant's sentence. While it is clear that Defendant's mother suffers from significant health problems that warrant concern and sympathy, Defendant has neither alleged nor established that Ms. Sanchez is incapacitated.

Defendant has also failed adequately to establish that she is the only available caregiver for Ms. Sanchez. The PSR documents that Ms. Sanchez lives with her partner, Rociendo Torres, who is apparently able-bodied and gainfully employed at a plastics manufacturing company. Defendant fails to address Mr. Torres's ability to provide care for Ms. Sanchez. Additionally, Defendant's biological son, Roberto "Bobby" Sanchez, who is now in his early 30s and was raised by Defendant's mother, (PSR ¶ 60), lives and works as a graphic designer in Riverside, California. Defendant fails to address Roberto Sanchez's ability to provide care for Ms. Sanchez, the woman who raised him, and who also lives in Riverside, California.

While the Court is sympathetic to Defendant's mother's health situation, the record does not establish extraordinary and compelling reasons for compassionate release.

### III.    The Section 3553(a) Factors

In evaluating whether early release is appropriate, the Court also considers the § 3553(a) factors. On the present record, those factors do not mitigate in favor of a sentence reduction.

Defendant committed what can only be characterized as a very serious and aggravated crime. She participated in the importation of 289 kilograms of pure methamphetamine, "one of the most misused stimulant drugs in the world and is the drug that most contributes to violent crime." (PSR ¶¶ 23, 108.) Underscoring the aggravated nature of the crime is that the amount of methamphetamine Defendant and her codefendants tried to bring into the United States was 60 times the amount of methamphetamine required to establish a Base Offense Level of 38 under the Sentencing Guidelines.[3] Nor was this case Defendant's first criminal conviction. With a Criminal History Score of 10 points, Defendant was in a Criminal History Category of V at the time

---

[3]   A Base Offense Level of 38 is the highest possible offense level for the crime committed by the Defendant – importation of a controlled substance. *See* U.S.S.G. §§ 2D1.1(a)(5) & 2D1.1(c)(1).

of sentencing. Defendant's prior convictions further revealed a troubling history of repeated probation violations.

However, the record confirmed a number of mitigating factors as well. Those factors included the abuse Defendant suffered as a child; her exposure to drug use at a young age; and her resulting lifelong drug addiction, untreated mental health issues, and homelessness.[4] Ultimately, the 36-month below-Guideline sentence imposed by the Court applied all of the § 3553(a) factors to the record as a whole and was a sentence the Court deemed to be sufficient, but not greater than necessary, to comply with the purposes set forth in §§ 3553(a)(1)–(a)(7). A re-review of the § 3553(a) factors in light of the current record (*i.e.*, "the totality of the circumstances") confirms that a sentence reduction is not appropriate. *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 966–69 (9th Cir. 2021) (discussing the court's obligation to consider the "totality of the circumstances" when conducting an analysis of the 3553(a) factors in the context of a sentence reduction motion under § 3582(c)(2)).

## CONCLUSION

Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 2/10/2025

HON. TODD W. ROBINSON
United States District Court Judge

---

[4] A more complete description of the mitigating factors, including the Defendant's care of her infirm mother, was provided by counsel for Defendant and by Probation Officer Elbert in the PSR. (ECF Nos. 130, 110.)